## CARR *vs.* THE PASSAIC LAND IMPROVEMENT AND BUILDING COMPANY.

1. Specific performance will not be enforced where the contract does not designate, with certainty, the lands to be conveyed.

2. A resolution "that two acres be sold," is vague and uncertain upon its face. The uncertainty is patent, and parol proof is inadmissible to explain it.

---

Argued upon bill, answer, and proof.

*Mr. A. B. Woodruff*, for complainant.

*Mr. H. A. Williams*, for defendant.

THE CHANCELLOR.

This cause was before the court in February Term, 1869, on a motion to dissolve the injunction. The opinion then

delivered, (4 *C. E. Green* 424,) covers the case as now presented. It was founded on the fact that the lands, of which the conveyance was sought, were not designated or described in the resolution of the board of directors of the defendant, set up as the contract to convey, or in any other writing signed by the defendant or its agent. I see no reason to change the opinion then declared, that the writing required by the statute of frauds, must contain a designation of the lands which are contracted to be conveyed.

The authorities are uniform on this subject, and are founded on the clearest principle. *Fry on Spec. Perf.*, § 209; *Fish* v. *Hubbard's Adm'rs*, 21 *Wend.* 652; *Robeson* v. *Hornbaker*, 2 *Green's Ch.* 60.

The statute might as well be repealed, as to dispense with its provisions as to this most material part of the contract.

The evidence does not change the case in this respect. Any writing signed by the defendant or its agent, and connected with the last resolution of the board, which designated or described the property, would have satisfied the requisitions of the statute. But such writing is requisite to satisfy them. None such is offered. It is proved, by parol. that before this resolution was passed, receiving the report of the committee, Carr had told the members of the board where he wanted the two acres; and I have no doubt that these two acres were intended to be sold to him. But, unfortunately, this could not be gathered from the written resolution. A resolution " that two acres be sold," is, upon its face, vague and uncertain. The vagueness and uncertainty is patent, and no parol proof can be admitted to explain it. A written contract, by a large land owner in London, to sell a lot in that city for £50, might be shown, by parol, to mean a lot worth less than half that sum, or one with a palace upon it worth £50,000; leaving ample room for the very perjury which the statute, by its title, was intended to prevent.

The bill must be dismissed.