**RICHARD R. ROEBUCK and WILLIAM A. ROEBUCK,**
**Appellees**

**v.**

**CHRISTIAN HENDRICKS, Appellant**

No. 12365

United States Court of Appeals
Third Circuit

Argued January 28, 1958

Decided May 15, 1958

*See, also, 255 F.2d 211*

R. H. AMPHLETT LEADER, Frederiksted, St. Croix, Virgin Islands, *for appellant*

WARREN H. YOUNG, Christiansted, St. Croix, Virgin Islands, *for appellees*

Before MARIS, MAGRUDER and STALEY, *Circuit Judges*

STALEY, *Circuit Judge*

■■ An enforceable contract in the form of a promise to convey real estate must contain a reasonable adequate description of the land to satisfy the statute of frauds[1] and cases judicially interpreting it. The rules relevant to contracts for the sale of realty applying equally to contracts for the exchange of realty, such as we have in this appeal. See 49 Am. Jur., Specific Performance, § 116 (1943).

On St. Croix in the United States Virgin Islands, defendant Christian Hendricks was the owner of Estate Coakley Bay under a contract of sale from the government of the Virgin Islands. Plaintiff Richard R. Roebuck was the owner of Estate Solitude. Plaintiff's land lies generally to the east and south of defendant's land.

Plaintiff Richard Roebuck desired to convey a 25-acre tract of his land to his brother William. When the survey was made, it was discovered that about 20 of the 25 acres of the tract belonged to the land defendant was purchasing

[1] 28 V.I.C. § 242.

681

from the government. The 20-acre tract was known as Parcel No. 2 of Coakley Bay. Richard and William approached Hendricks in an effort to arrange for the exchange of this 20-acre tract for a tract of equal acreage to be subdivided from Estate Solitude, the land of Richard Roebuck. Their agreement was embodied in a contract of sale between Richard and defendant, with Richard's brother William as the third-party beneficiary. The contract, dated September 15, 1950, was drafted by an attorney at the direction of the parties, and reads in part as follows:

"1. That [defendant Hendricks] hereby agrees to convey to William A. Roebuck, Parcel No. 2 of Coakley Bay as soon as [defendant Hendricks] acquires title to same.

"2. That in consideration of the promise of [defendant Hendricks] to convey to William A. Roebuck, Parcel No. 2 of Coakley Bay as soon as the said [defendant Hendricks] has acquired title to the aforesaid lands to which he has a right of purchase, [Richard R. Roebuck] hereby agrees to convey to [defendant Hendricks] a parcel of 'Solitude' equal in area to Parcel No. 2 of Coakley Bay.

"3. That the parcel of 'Solitude' to be conveyed by [Richard R. Roebuck] to [defendant Hendricks] is that area of the lands of [Richard R. Roebuck] which projects into the lands to be acquired by [defendant Hendricks]."

In 1952, Hendricks received title to Coakley Bay, and in 1955 Richard Roebuck requested the exchange of lands in the agreement. Hendricks refused, and on January 31, 1956, this action for specific performance of the agreement of September 15, 1950, was begun. After hearing, the District Court entered a decree granting specific performance on the theory that the description of the lands to be conveyed to defendant Hendricks was sufficiently adequate.

■■ Appellant's primary contention is based upon the inadequacy of the contract description which designates the land to be conveyed to Hendricks as "equal in area to Parcel No. 2 of Coakley Bay" and located in "that area of the lands of [Richard R. Roebuck] which projects into

the lands to be acquired by [defendant Hendricks]." The principal thrust of the argument is aimed at the word "projects". We agree with the inference from appellant's contention that the normal meaning of "projects" when applied in the phrase "projects into the lands" implies that the projecting land is surrounded on three sides by the land into which it projects. It must be noted at this point that Richard Roebuck's Estate Solitude contains a 73-acre tract of land, comprising the Estate's southwest section, which lies to the south of a part of Estate Coakley Bay, and to the east of another part of it. In other words, in this southwest section of Estate Solitude, the lands of plaintiff and defendant have only two common boundaries, that to the north of the section and that to the west of the section. Normally, then, it could not be said that plaintiff's land "projects" into defendant's land, merely because it lies to the south and east of it. However, we will assume for the purpose of this discussion that when Richard Roebuck agreed to convey to Hendricks a tract, equal in acreage to Parcel No. 2, of Coakley Bay, from the lands of Estate Solitude which "projects" into Coakley Bay, that he meant a piece of land 20 acres in area from the 73-acre tract of Solitude which lies to the south and east of Coakley Bay. Still with this assumption, we are of the opinion that the description of the land Hendricks was to receive in exchange for Parcel No. 2 of his land is entirely too vague and indefinite to be enforced specifically in equity.

This case is typical of the many reported cases involving a contract for the sale of lands described by the number of acres to be taken from a larger tract. See Annotation, 1952, 23 A.L.R.2d 6, 84. It is almost uniformly held that such description is inadequate for specific performance where the description could just as well apply to another part of the larger tract. Here, the 20 acres could have been taken

from the northern part of the southwest section as well as from the western end.[2] Or it might have been taken from land in the corner of the section. It is quite possible that both plaintiff Richard Roebuck and defendant Hendricks knew which portion of Solitude Hendricks was to receive, as was shown by some testimony at the hearing. However, parol evidence is never permitted to supply the description, but only to apply the description as written to the surface of the land. In Wills v. Young, 3 Cir., 3 V.I. 674, 255 F.2d 65, this court said that the description should be definite enough for a competent surveyor to find the land with the use only of the description in the contract or to extrinsic sources recited in the agreement. It would be completely impossible here for a surveyor to find which 20 acres the parties meant, even if we assume that the land which "projects" was intended to be the 73-acre tract comprising the southwest section of Solitude.

The finding of the District Court that the parties meant the western end of Solitude's southwest section was clearly erroneous and without foundation in the competent evidence. Parol evidence aimed at supplying the description is precisely the evidence which the statute of frauds precludes. Carr v. Passaic Land Improvement & Building Co., 1871, 22 N.J. Eq. 85.

Since it is impossible from the face of the contract to determine which 20-acre area was to be conveyed from the 73-acre section involved, specific performance should have been denied. We need not discuss the other points raised by appellant.

The decree of the District Court will be reversed.

[2] A revised survey dated May 1, 1956, has marked off on it a 20-acre plot from the western end of the southwest section of Estate Solitude, called Parcel No. 6. This was the land which plaintiff alleges that defendant orally agreed, after the original contract, to receive in exchange for Parcel No. 2 of Coakley Bay.