**NANCY ANDERSON, Plaintiff**
**v.**
**BASIL BRYAN, Defendant**

Civil No. ST-08-CV-545
Superior Court of the Virgin Islands
Division of St. Thomas and St. John
November 2, 2012

KARIN A. BENTZ, ESQ., *Attorney for Plaintiff.*

JOSEPH B. ARELLANO, ESQ., *Attorney for Defendant.*

CARROLL, *Judge*

## MEMORANDUM OPINION

(November 2, 2012)

**THIS MATTER** is before the Court on Defendant Basil Bryan's Motion for Directed Verdict and on Defendant Basil Bryan's Memorandum of Law to the Court *re* Defense of Unconscionability and

135

for Entry of Judgment in Accordance Therewith, filed on June 21, 2011.[1] The Court will deny the Motion for Directed Verdict and grant in part and deny in part the Motion Concerning Defense of Unconscionability and for Entry of Judgment in Accordance Therewith.

## I. FACTS

This case is centered upon a real estate transaction that took place in 2002, in which the Defendant contracted to sell Parcel No. 17-5C, Estate St. Peter. St. Thomas Virgin Islands, to the Plaintiff. At the time of the sale, the parties also executed an agreement that granted the Plaintiff an easement and required the Defendant to pave the roadway on the easement within ninety (90) days. The Defendant did not pave the roadway, and on November 10, 2008 the Plaintiff initiated an action against the Defendant alleging breach of contract, nuisance, and requesting an injunction. Prior to the trial, the Court dismissed the breach of contract action on statute of limitations grounds. Subsequently, this matter came on for a jury trial on May 9, 2011 through May 23, 2011. The jury returned a verdict in favor of the Plaintiff on all Counts.

At the close of the Plaintiff's case, the Defendant orally moved the Court for a directed verdict. The Court reserved ruling on the Motion and directed the Defendant to file a written brief in support of the Motion. The Defendant filed the brief on June 22, 2011. In addition, the Defendant filed a Memorandum with respect to the defense of unconscionability that he raised in his Answer to the original Complaint. The Court did not submit the defense of unconscionability to the jury. The Court heard oral arguments on the Motion and Memorandum on August 15, 2012.

## II. DISCUSSION

After a party has been fully heard on an issue during a jury trial, the Court may find that a reasonable jury would have no legally sufficient basis to find for that party on that issue. In this circumstance, the Court may resolve the issue against the party and grant a motion for judgment as a matter of law against the party.[2] This action is proper only when the

---

[1] Plaintiff Nancy Anderson is represented by Karin A. Bentz. Esq., of the Law Offices of Karin A. Bentz, P.C. Defendant Basil Bryan is represented by Joseph B. Arellano. Esq., of Arellano & Associates.

[2] FED. R. CIV. P. 50(a)(1).

claim can be maintained or defeated with a favorable finding on the issue.[3] A judgment as a matter of law[4] is only appropriate where, viewing all reasonable inferences in the light most favorable to the non-moving party, there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.[5]

## A. The Easement Satisfies the Statute of Frauds

■ Under the Statute of Frauds and Virgin Islands property law, the description of the property which is the subject of the litigation must he reasonably certain and definite such that a competent surveyor could find the land using only the description in the contract. Accordingly, the issue here is whether the description of the portion of the easement that the Plaintiff claims the Defendant is obligated to pave is outside the Statute of Frauds thus making the easement unenforceable. The Court finds that the Statute of Frauds is satisfied and the easement is enforceable.

In his Motion, the Defendant argues that Count III of the Plaintiff's Complaint should be dismissed under the Statute of Frauds. Count III of the Plaintiff's Complaint seeks a declaratory judgment that forces the Defendant to pave the roadway of the property at issue. The Defendant argues that Count III should fail because the description of the land to be paved does not meet the specificity required by the Statute of Frauds. Specifically, the Defendant argues that under Virgin Islands real property law, the description of property that is the subject of the litigation must be reasonably certain and definite so that a competent surveyor could find the land with the use of only the description in the contract or by reference to extrinsic sources recited in the agreement.

In response, the Plaintiff argues that the easement at issue is sufficiently descriptive such as to satisfy the Statute of Frauds; and, furthermore, the terms of the agreement with respect to the area of the easement that was to be paved are clear. The Plaintiff continues that, although the agreement does not specifically indicate what portion of the easement that Defendant is obligated to pave, the language "Grantor shall pave" implicitly left the

---

[3] *Id.*

[4] Submitted by the Defendant as a Motion for Directed Verdict.

[5] *Goodman v. Pennsylvania Turnpike Comm'n*, 293 F.3d 655, 664-65 (3d Cir. 2001); *Caver v. City of Trenton*, 420 F.3d 243 (3d Cir. 2005).

decision of which portion of the easement to pave to the Defendant. The Defendant counters that parole evidence is not admissible to assist in ascertaining the description of the location of the area to be paved. The Defendant may he correct that there is no evidence on the record that affirmatively says the unpaved road is the site for the sixteen (16) foot wide and six (6) inch deep pavement, but this argument is immaterial.

Virgin Islands law, by way of the Third Circuit decisions in *Wills v. Young*[6] and *Roebuck v. Hendricks*[7] requires that the easement itself be definite and certain before the Court can provide equitable relief pursuant to it. The Defendant concedes that the easement itself is definite and certain, but argues that the lack of certainty as to where the paved road should be placed on the easement removes the entire easement from the Statute of Frauds. The cases cited by the Defendant are distinguished from this case because they are cases where the language of the easement was unclear as to where the actual easement should be placed. In this case, there is no question as to where the easement is located on the property.

The issue, then, is how definite the description of the area to be paved must be. On this point, there is no controlling Virgin Islands law. The Supreme Court of the Virgin Islands has established that "to the extent not bound by precedent, the Superior Court . . . may determine the common law without automatically and mechanistically following the Restatements."[8] In other words, in the absence of binding precedent, the Superior Court has the ability to shape the common law.[9] As such, the Court finds that, since the easement itself is definite and certain to keep it within the Statute of Frauds, any uncertainty as to what area of the easement should be paved is irrelevant to the Statute of Frauds analysis.

Good public policy dictates that this must be the case. It does not matter where the Defendant paves within the easement, but simply that some portion is paved for the purpose of ingress and egress. The preexisting unpaved road on the easement may be a good indication of where the parties intended to have the easement paved; however, the mechanics of where to pave the easement should be left to reasonable

---

[6] 255 F.2d 65, 3 V.I. 674 (3d Cir. 1958).

[7] 255 F.2d 211, 3 V.I. 680 (3d Cir. 1958).

[8] *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967, 979 (V.I. 2011).

[9] *Id*. at 978.

engineering practices. Furthermore, if the Court were to rule that the Defendant is absolved from any responsibility to pave a sixteen (16) foot wide road on the thirty (30) foot wide easement simply because the easement does not spell out, with great detail, where it must be paved, then the door would open for others to void easements that lack an extreme degree of specificity. The Court is not attempting to articulate a bright line rule, but in determining how specific an easement must be, the facts and circumstances should be considered. In this case, over fifty percent (50%) of the easement is to be paved. Although the Defendant argues to the contrary, it is reasonable to expect that the exact location to be paved will not run perfectly along one side or the other (or the center) of the easement and, as such, would not be so clearly written in the easement. The Statute of Frauds does not require a precise delineation for where the easement must he paved but only a description of the easement itself that is definite and certain. Given the facts of this case, the Court finds that the pavement requirement of the easement is sufficiently definite and certain. Accordingly, the Defendant's argument lacks merit and the Court will deny the Defendant's Motion for Directed Verdict on the Statute of Frauds issue.

## B. The Statute of Limitations for Nuisance Has Not Run

The Defendant reiterates his argument that the statute of limitations expired on Count II, the Plaintiff's nuisance claim, because the continuous tort doctrine does not apply. Defendant argues that the continuous tort doctrine requires continuing or repeated conduct, not merely continuing harm. Therefore, the Defendant's mere inaction precludes application of the continuous tort doctrine. In its December 6, 2010 Memorandum Opinion, the Court found that the Defendant's continued failure to pave the access road on the easement, and his continued failure to otherwise upkeep or maintain the easement, could have interfered with the Plaintiff's use and enjoyment of her land. Thus, Defendant's alleged inaction or omission was a continuous tort, and the Court found that the continuous tort doctrine applied and tolled the statute of limitations. Therefore. the statute of limitations had not run at the time the Plaintiff filed her Complaint on the nuisance cause of action.

A nuisance can be created not only by action, but also by "[a] failure to act under circumstances in which the actor is under a duty to take positive action to prevent or abate . . . the invasion of the private

interest."[10] Here, there are two disputed issues that are properly the province of a jury: first, whether the Defendant had such a duty, and second, whether the Plaintiff's interest was invaded. Viewing all reasonable inferences in the light most favorable to the nonmoving party, the Court finds that a reasonable jury could find that the Defendant's failure to act created a nuisance against the Plaintiff. A reasonable jury could also find that the Defendant had a duty to engage in such maintenance pursuant to the easement. A reasonable jury could find for either party on either issue, and so judgment as a matter of law would be improper. As such, the Court adopts and reaffirms its rationale as set out in its December 6, 2010 Memorandum Opinion. Accordingly, the Court will deny the Motion for Directed Verdict on Count II of the Complaint.

### C. The Defendant's Unconscionability Argument is Improper, but the "Exclusive" Use Provision of the Easement Does Not Prevent the Defendant from Entering the Easement

The Defendant timely asserted the Defense of Unconscionability in its Answer and argued that the issue of unconscionability was for the Court to decide, not the jury. The Court reserved ruling on the issue. Specifically, the Defendant argues that the entire easement should be rescinded because it is grossly unfair, overhearing, unconscionable, and thus void, voidable, or unenforceable. The Defendant also argues that the damages verdict of $75,000 and the two declaratory judgment verdicts — that the Defendant must pave the road and that the Defendant may not traverse the road — are unconscionable. The Court agrees with the Defendant on his right to enter the property, but this conclusion is based on a plain language interpretation of the easement rather than unconscionability.

The Defendant argues that the easement is unconscionable due to his unequal bargaining power. However:

> "[a] bargain is not unconscionable merely because the parties to it are unequal in bargaining position, nor even because the inequality results in an allocation of risks to the weaker party. But gross inequality of bargaining power, together with terms unreasonably favorable to the stronger party, may confirm indications that the transaction involved

---

[10] RESTATEMENT (SECOND) OF TORTS § 824 (1979).

elements of deception or compulsion, or may show that the weaker party had no meaningful choice, no real alternative, or did not in fact assent or appear to assent to the unfair terms."[11]

The Court need not decide the issue of unconscionability, though, because as a matter of law the language of the easement does not prevent the Defendant from any entry onto the easement.

█ The common law rule is that in easements, as in deeds generally, the intention of the parties is determined by a fair interpretation of the grant, as well as the circumstances contemporaneous with the creation of the easement. If possible, meaning must be given to all parts of an easement agreement if the meaning given would not be inconsistent with other parts of the agreement.[12] In explaining the confines of the elements of a prescriptive easement, the V.I. Territorial Court explained that the element of exclusivity creates much confusion. An easement, the court explained, is almost always non-exclusive because it is, by definition, a right to use another's land.[13] In the context of proving a prescriptive easement, exclusive use must be considered as a right to use that is not dependent on the right of others' use.[14] In other words, the element of exclusivity simply means an entitlement to use of the easement that is not linked to some public entitlement to use of the easement.

In this case, to serve the public interest, this Court finds that "exclusive" within the easement must he interpreted in a similar manner. The Plaintiff's exclusive use of the easement is not at the expense of all others, but simply independent of any right of others. The Defendant, as land owner, is surely entitled to *some* use of his own land. For the Court to hold otherwise would he to essentially give the land on which the easement lies to the Plaintiff. The Defendant accurately argues that enjoining the Defendant from using the land would deny him any benefits from it but leave with him the burden of paying taxes thereon and seeing to its proper upkeep. An agreement forbidding the Defendant from

---

[11] *Reynolds v. Islands Mech. Contractors. Inc.*, Civ. No. 09 cv-83, 2010 U.S. Dist. LEXIS 119811, *11 (D.V.I. 2010) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 208 cmt. d) (internal quotations omitted).

[12] 28 A C.J.S. *Easements* § 64 (West 2012).

[13] *Hodge v. Bluebeard's Castle, Inc.*, 44 V.I. 242, 249 (Terr. Ct. 2002).

[14] *See id.*

141

entering upon his own land seems facially unconscionable, but the Court need not make this determination because its decision on this point lies in the interpretation of the word "exclusive" within the easement.

█ In interpreting the term "exclusive," it appears to be against both the intentions of the parties and the circumstances of the creation of the agreement to divest the Defendant of any right to enter upon the easement. The Court does not believe the Defendant intended to relinquish all rights to enter upon his own land. Moreover, it appears to the Court that since the intention of the parties was to have the Defendant pave a portion of the easement, it is counterintuitive to interpret the easement as both stripping the Defendant of any right to enter his own land while simultaneously vesting in him a duty to enter upon the land and improve it by paving a sixteen (16) foot-wide road. Thus, the Court finds that the "exclusive" provision of the easement only restricts the Plaintiff's right regarding the use of the easement by third parties.

## III. CONCLUSION

The easement that the parties created in March of 2002 is a valid easement within the Statute of Frauds. The Plaintiff's nuisance claim is timely as this Court has previously held and, therefore, the claim is not time-barred. Finally, the Defendant's unconscionability argument fails because he failed to prove that no reasonable person would enter into such an agreement. However, the Plaintiff's argument that the use of the word "exclusive" in the easement was meant to strip the Defendant landowner of any right of entry also fails. The plain meaning of the easement language and the intent of the parties shows that the Plaintiff can enforce her right of exclusive use only against third-parties who claim rights in the easement.